**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. CR-08-29-M |
| ) | |
| SAMUEL SAMANIEGO PEREZ,   ) | |
| a/k/a "Sammy",   ) | |
| ) | |
| Defendant.   ) | |

## ORDER

On April 1, 2008, defendant Samuel Samaniego Perez ("Perez") filed a Motion to Suppress Statements, seeking to suppress the statements he made to law enforcement on December 13, 2006, and December 13, 2007. On April 7, 2008, the government filed its response. On April 8, 2008, the Court conducted a *Jackson v. Denno*[1] hearing to determine, outside the presence of the jury, whether the statements Perez made on December 13, 2006, to Tobias Frederick, an Oklahoma City police investigator, while in custody were made voluntarily.[2] At the hearing, Investigator Frederick and Frank Alexander, a special agent with the Federal Bureau of Investigation, testified.[3]

"[A] defendant who objects to the admission of a confession on voluntariness grounds has a constitutional right to a fair hearing and an independent and reliable determination of voluntariness before the confession is allowed to be heard by the jury." *Lucero v. Kerby*, 133 F.3d 1299, 1310 (10th Cir. 1998) (internal quotations and citations omitted). The government bears the burden of

---

[1] 378 U.S. 368 (1964).

[2] At the hearing, Perez stipulated to the voluntariness of the statements he made on December 13, 2007. Accordingly, the Court need not make any findings regarding these statements.

[3] Mr. Alexander testified regarding the statements Perez made on December 13, 2007.

proving by a preponderance of the evidence that a statement made by a defendant, after having been advised of his right to remain silent, was made pursuant to a voluntary waiver of that right. *United States v. Toro-Pelaez*, 107 F.3d 819, 825 (10th Cir. 1997). "To establish a voluntary waiver of Fifth Amendment rights, the government must show (1) that the waiver was the product of free and deliberate choice rather than intimidation, coercion, or deception; and (2) that the waiver was made in full awareness of the nature of the right being waived and the consequences of waiving." *Id.*

"A defendant's confession is involuntary if the government's conduct causes the defendant's will to be overborne and his capacity for self-determination critically impaired. In determining whether the defendant's will was overborne in a particular case, the court examines the totality of all the surrounding circumstances – both the characteristics of the accused and the details of the interrogation. Relevant factors include the age, intelligence, and education of the suspect; the length of the detention and questioning; the use or threat of physical punishment; whether *Miranda* safeguards were administered; the accused's physical and mental characteristics; and the location of the interrogation. In addition, the court must consider the conduct of the police officers." *Lucero*, 133 F.3d at 1311 (internal quotations and citations omitted).

The Court has carefully considered the evidence presented. The Court finds Perez's statements to Investigator Frederick on December 13, 2006, were made voluntarily and may be admitted into evidence at trial. Specifically, the Court finds Inspector Frederick and Special Agent Alexander are credible witnesses. The Court further finds there is no evidence to suggest that Perez was under duress or otherwise threatened, tricked or coerced. Additionally, the Court finds there is no evidence Perez's will was overborne or that his capacity for self-determination was critically impaired. The Court finds that Perez was advised of his *Miranda* rights and that Perez stated that

he would talk with Inspector Frederick and never asked for a lawyer. The Court also finds the length of detention and questioning and the manner of questioning were reasonable. Finally, the Court finds the underlying fact issues and voluntariness were reliably determined by the evidence.

Accordingly, the Court finds Perez's statements are admissible and Perez's Motion to Suppress Statements [docket no. 98] should be DENIED.

**IT IS SO ORDERED this 11th day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE